UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JASON FARMER, Derivatively on Behalf of Nominal Defendant  DGSE COMPANIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> WILLIAM H. OYSTER, JAMES D. CLEM, WILLIAM CORDEIRO, CRAIG ALAN-LEE, DAVID RECTOR, L.S. SMITH, and JOHN BENSON, <br>  Defendants, <br> and <br><br> DGSE COMPANIES, INC., <br>  Nominal Defendant. | Civil Action No.:  3:12-CV-3850-B |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

Subject to the approval of the Court, this Stipulation and Agreement of Settlement (the

"Stipulation"), dated September 16, 2013, is made and entered into by and among the following

Settling Parties (defined herein), each by and through their respective counsel: (i) plaintiff to the

above-captioned shareholder derivative action (the "Action"); (ii) William H. Oyster, James D.

Clem, William Cordeiro, Craig Alan-Lee, David Rector, L.S. Smith, and John Benson, all

current or former members of the Board and/or senior officers of DGSE, and named defendants

in the Action (collectively the "Individual Defendants"); and (iii) nominal defendant DGSE

Companies, Inc. ("DGSE" or the "Company" and, together with the Individual Defendants,

"Defendants").  This Stipulation is intended by the Settling Parties to fully, finally, and forever

compromise, resolve, discharge, and settle the Released Claims (defined herein), upon the terms and subject to the conditions set forth herein.

## I.   INTRODUCTION

### A.   Factual Background

DGSE is a Nevada corporation headquartered in Dallas, Texas.  DGSE buys and sells jewelry, bullion products, and rare coins to both wholesale and retail customers.

On April 16, 2012, DGSE disclosed that its financial statements from the second quarter of 2007 through the third quarter of 2011, as well as related press releases and earnings announcements, could not be relied on and would be restated by the Company.  The restatements were necessary because of improper accounting for inventory and balance sheet accounting.  The restatement affected thirteen quarterly reports, four annual reports, dozens of press releases and earnings announcements, and DGSE's definitive proxy statements for the years 2008, 2009, 2010, and 2011.

DGSE acknowledged that DGSE's internal controls over financial reporting were deficient.  In its 2012 Form 10-K, DGSE stated: "Effective internal controls over financial reporting and disclosure controls and procedures are necessary for us to provide reliable financial reports and to detect and prevent fraud. In the past, our internal controls and procedures have failed.  The remedial measures being taken by us may not be sufficient to regain the confidence of investors or any loss of reputation, which could in turn affect our finances and operations." DGSE is dependent on not only the integrity of its financial operations, but also on the perceived integrity of the Company itself in order to attract and maintain the necessary inflows of credit for its operations.

As a result of the restatements, the New York Stock Exchange froze trading of DGSE's stock on April 17, 2012 and stock trading did not resume until November 15, 2012.   In

June 2012, the Company disclosed that it was being investigated by the Securities and Exchange Commission in connection with accounting irregularities.  The SEC investigation is ongoing.  On September 7, 2012, a class action alleging claims for violations of the securities laws was filed in this court, *Barfuss v. DGSE Companies, Inc., et al.*, Civil Action No. 3:12-cv-3664 (the "Securities Class Action").  The Securities Class Action arose out of the same events as the derivative Action.

### B.   **Procedural Background**

#### 1.   **The Action**

On September 21, 2012, plaintiff Farmer initiated the Action, on behalf of DGSE, by filing a shareholder derivative complaint in this Court, alleging claims for, *inter alia*, breach of fiduciary duty under Nevada law and violations of section 14(a) of the Securities Exchange Act of 1934.  The Action was initially assigned to Hon. Jorge A. Solis, but was subsequently transferred to Hon. Jane J. Boyle for coordination with the Securities Class Action.

#### 2.   **Settlement Negotiations**

Beginning in April 2013, counsel for Defendants approached Plaintiffs about the potential resolution of this Action, and the parties agreed to explore settlement through mediation.  On May 13, 2013, the parties participated in a Court-ordered mediation conducted by United States Magistrate Judge Paul D. Stickney.  Despite vigorous arm's-length negotiations, the full-day mediation session failed to resolve the Action.  However, on May 17, 2013, Judge Stickney submitted a Mediator's Proposal for settlement of both the Action and the Securities Class Actionto counsel.  Under the terms of the Mediator's Proposal: "(a) the parties will agree consistent with this agreement to review DGSE's corporate governance and to make improvements prior to final Court approval of the proposed settlement; and (b) DGSE will pay, from insurance proceeds, the sum of $300,000 to derivative plaintiff's counsel as fees and

expenses."[1]   On May 20, 2013, the parties formally agreed to the terms of the Mediator's Proposal for settlement.   It was further agreed that the corporate governance reform process would require an exchange of documents to be agreed upon by the parties and the interview of at least one current member of DGSE's board of directors.

On May 22, 2013, Plaintiff's Counsel requested documents related to DGSE's existing corporate governance.   Defendants thereafter provided the requested documents to Plaintiff's Counsel.   After reviewing these documents, on June 19, 2013, Plaintiff's Counsel submitted a demand letter outlining changes to DGSE corporate governance.   Thereafter, Plaintiff's Counsel and DGSE participated in numerous rounds of negotiations, including multiple conference calls and the exchange of letters, prior to arriving at an agreement on the corporate governance reforms on July 19, 2013.   On August 28, 2013, Plaintiff's Counsel conducted two interviews: James D. Clem, DGSE's Chief Operating Officer and a director of the Company, and C. Brett Burford, the Chief Financial Officer of DGSE.

## II.   PLAINTIFF'S COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFF'S CLAIMS, AND THE BENEFIT OF SETTLEMENT

Plaintiff's Counsel conducted an investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing internal documents produced by DGSE; (3) researching the applicable law with respect to the claims asserted (or which could be asserted) in the Action and the potential defenses thereto; (4) researching corporate governance issues; (5) preparing settlement demands; and (6) engaging in settlement negotiations with counsel for the Defendants.   In addition, Plaintiff's Counsel had previously drafted and filed the

---

[1]   DGSE and/or its insurers also paid a total of $1.7 million to settle the Securities Class Action.

complaint in the Action and drafted and submitted detailed memoranda in connection with the mediation.

Plaintiff's Counsel believes that the claims asserted in the Action have merit and that their investigation supports the claims asserted.  Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the benefits of the settlement, as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including a potential trial and appeal(s), Plaintiff has concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Plaintiff and Plaintiff's Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and through possible appeal(s).  Plaintiff's Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation.

Plaintiff's Counsel August 28th interviews of Messrs. Clem and Burford further assisted counsel in the evaluation of the corporate governance process and the validity of the proposed changes thereto.  Based on this evaluation, and in light of the significant benefits conferred upon the Company and its shareholders as a result of the Settlement, Plaintiff and Plaintiff's Counsel have determined that the Settlement is in the best interests of the Plaintiff, DGSE, and Current DGSE Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

III.    **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

The Individual Defendants have denied and continue to deny that they have committed or attempted to commit any violations of law, any breach of fiduciary duty owed to DGSE, or any

wrongdoing whatsoever.   Without admitting the validity of any of the claims Plaintiff has asserted in the Action, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, risk, and expense of further litigation.   Further, Defendants acknowledge that the Settlement is fair, reasonable, adequate, and in the best interests of DGSE and Current DGSE Stockholders.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is or may be construed or used as evidence of the validity of any of the Released Claims (defined herein), or as an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiff, the Individual Defendants, and nominal defendant DGSE, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to approval by the Court, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon the terms and subject to the conditions set forth herein as follows:

### 1.   Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1   "Action" refers to the above-captioned consolidated shareholder derivative action.

1.2   "Audit Committee" means the Audit Committee of the Board of Directors of DGSE.

1.3   "Board" means the DGSE Board of Directors.

1.4     "Court" refers to the United States District Court for the Northern District of Texas.

1.5     "Current DGSE Stockholders" means, for purposes of this Stipulation, any Persons (defined below) who owned DGSE common stock as of the date of this Stipulation and who continue to hold their DGSE common stock as of the date of the Settlement Hearing, excluding the Individual Defendants (defined below), the officers and directors of DGSE, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.6     "Defendants" means collectively, the Individual Defendants and nominal defendant DGSE.

1.7     "Defendants' Counsel" means: (i) Thompson & Knight LLP, 1722 Routh Street, Suite 1500, Dallas, Texas 75201; and (ii) Fulbright &Jaworski LLP, 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201.

1.8     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.9     "Fee Award" means the terms of the agreed upon sum of $300,000 to be paid to Plaintiff's Counsel for its attorneys' fees and expenses, detailed in ¶¶ 5.1-5.2, subject to approval by the Court.

1.10     "Final" means the time when a judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Specifically, it is that situation when (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Action; or (2) an

appeal has been filed and the court of appeals has either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.

1.11    "Final Order and Judgment" means the order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.12    "DGSE," the "Company" or "Nominal Defendant" means DGSE Companies, Inc. and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.13    "Individual Defendants" means collectively: William H. Oyster, James D. Clem, William Cordeiro, Craig Alan-Lee, David Rector, L.S. Smith, and John Benson.

1.14    "Mediator" or "Judge Stickney" means the Hon. Paul D. Stickney.

1.15    "Notice to Current DGSE Stockholders" or "Notice" means the Notice of Pendency and Proposed Settlement of Shareholder Actions, substantially in the form of Exhibit C attached hereto.

1.16    "Person" or "Persons" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiff" means Jason Farmer.

8

1.18    "Plaintiff's Counsel" means: (i) Harwood Feffer LLP, 488 Madison Avenue, New York, New York, 10022; and (ii) Roger F. Claxton, 10000 N. Central Expressway, Suite 725, Dallas, Texas 75231.

1.19    "Preliminary Approval Order" means the Order to be entered by the Court, substantially in the form of Exhibit B attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to Current DGSE Shareholders, and scheduling a Settlement Hearing to consider whether the Stipulation and Fee Award should be finally approved.

1.20    "Related Persons" means each of a Person's spouses, heirs, executors, estates, or administrators, each of a Person's present and former attorneys, legal representatives, and assigns in connection with the Action, and all of a Person's past and present directors and officers.   Related Persons shall not include DGSE's former auditors, Cornwell Jackson and Company, P.C. and Cornwell Jackson's present and former attorneys, legal representatives, assigns, directors, officers, agents, advisors, employees, affiliates, predecessors, successors, and parents.

1.21    "Released Claims" means collectively all actions, suits, claims, demands, rights, liabilities, and causes of action, whether at law or in equity, including fixed or contingent claims and both known claims and Unknown Claims (as defined herein), including claims for breach of fiduciary duty and fraud, that have been or that might have been asserted derivatively on behalf of DGSE against any Released Persons and that are based on or related to (i) the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged in the Action and/or (ii) the settlement of the Action, including the payments provided for in this Stipulation, and the reasonable attorneys' fees, costs, and expenses incurred

in defense thereof.  Released Claims expressly shall *not* include (1) claims to enforce the Settlement, (2) claims or causes of action of the type of claims asserted in the securities class action captioned *Barfuss v. DGSE Companies, Inc., et. al, 3:12-cv-03664-B*, and (3) all claims, or potential claims, known or Unknown, that DGSE has or may have against its former auditor, Cornwell Jackson and Company, P.C.

1.22    "Released Persons" means (i) Plaintiff or his beneficiaries; (ii) each of the Individual Defendants or their beneficiaries; (iii) DGSE; and (iv) any DGSE shareholder, derivatively on behalf of DGSE; and each and all of their Related Persons. Released persons shall not include DGSE's former auditor, Cornwell Jackson and Company, P.C.

1.23    "Settlement" means the settlement documented in this Stipulation.

1.24    "Settlement Hearing" means a hearing by the Court to review this Stipulation and determine: (i) whether to enter the Final Order and Judgment; and (ii) all other matters properly before the Court.

1.25    "Settling Parties" means, collectively, the Plaintiff (on behalf of himself and derivatively on behalf of DGSE), each of the Individual Defendants, and Nominal Defendant DGSE. Any one of the Settling Parties may be referred to in the singular as "Settling Party".

1.26    "Stipulation" means this Stipulation and Agreement of Settlement.

1.27    "Unknown Claims" means any and all claims that were alleged or could have been alleged in the Action derivatively on behalf of DGSE, which were unknown or were unsuspected to exist in his, her or its favor at the time of the release of the Released Persons, including claims which, if known, might have affected settlement with and release of the Released Persons, or might have affected its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the

Effective Date, the Plaintiff, Individual Defendants, and DGSE, shall expressly waive, and each of DGSE' stockholders by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them, with respect to the Released Claims, as the case may be, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all of the Released Claims known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

## 2.    Terms of the Settlement

2.1    Corporate Governance Reforms

Prior to or effective as of DGSE's next regularly scheduled annual meeting of stockholders, DGSE and the Individual Defendants shall take all reasonable, necessary steps to adopt and implement the Reforms as set forth in Exhibit A, to the extent that such Reforms have not already been adopted and implemented.

2.2    The Settling Parties agree that the initiation, prosecution, pendency, and settlement of the Action was a material and substantial cause of the Reforms.  Further, the Settling Parties agree that the Reforms have provided and will provide substantial benefits to DGSE and Current DGSE Stockholders.  In addition, the Board, exercising its independent business judgment, believes that the Settlement is in the best interests of DGSE and Current DGSE Stockholders.

3.      **Procedure for Implementing the Settlement**

3.1      Within ten (10) business days after the execution of this Stipulation, the Plaintiff shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit B attached hereto, requesting, *inter alia*: (i) preliminary approval of the settlement set forth in this Stipulation; (ii) approval of the method of providing notice of pendency and proposed Settlement to Current DGSE Stockholders; (iii) approval of the form of Notice attached hereto as Exhibit C; and (iv) a date for the Settlement Hearing.

3.2      Within ten (10) business days of the Court's entry of the Preliminary Approval Order, DGSE shall: (i) issue a press release about the Preliminary Approval Order and Notice; (ii) cause a copy of the press release and Notice to be filed with the SEC on Form 8-K; and (iii) post a link to the Notice on the Investor Relations portion of DGSE's website, which posting shall be maintained through the date of the Settlement Hearing.  All costs of such Notice and the filing, publishing and posting set forth above shall be paid by DGSE and/or its insurers.  The Settling Parties believe the content and manner of such procedure constitutes adequate and reasonable notice to Current DGSE Stockholders pursuant to applicable law.

3.3      Plaintiff's Counsel shall request that the Court hold a final Settlement Hearing after Notice as described above is given to Current DGSE Stockholders to approve the Settlement and the agreed-upon Fee Award.

4.      **Releases**

4.1      Upon the Effective Date, DGSE, Plaintiff and Current DGSE stockholders (solely in their capacity as DGSE stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the

Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Action against the Released Persons. DGSE, Plaintiff and Current DGSE stockholders (solely in their capacity as DGSE stockholders) shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.

4.2     Upon the Effective Date, as defined in ¶1.8, an except as otherwise provided in this stipulation, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

4.3     Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

**5.     Plaintiff's Counsel's Attorneys' Fees and Expenses**

5.1     After negotiation of the principal terms of the settlement providing for the implementation of the Reforms, Plaintiff's Counsel and DGSE negotiated the amount of attorneys' fees and expenses to be paid to Plaintiff's Counsel with the substantial assistance and oversight of Judge Stickney during the mediation process.   As part of the efforts to settle this Action, Judge Stickney issued a Mediator's Proposal with a fee provision, which the Settling Parties accepted.   As a result thereof, and subject to the approval of the Court and the DGSE

Board, exercising its independent business judgment, DGSE and/or its insurers, on behalf of the Defendants shall pay or cause to be paid to the Plaintiff's Counsel an award of attorneys' fees and expenses in the total amount of $300,000 (the "Fee Award").  The Settling Parties mutually agree that this Fee Award is fair and reasonable in light of the substantial benefits conferred upon DGSE and Current DGSE Stockholders by this Stipulation.

5.2     The Fee Award shall be transferred to an escrow account (the "Escrow Account") held by Plaintiff's Counsel no later than fifteen (15) business days after entry of the Preliminary Order, and shall be immediately releasable to the Plaintiff's Counsel upon the Final Order and Judgment becoming final.

5.3     Payment of the Fee Award in the amount approved by the Court shall constitute final and complete payment for the Plaintiff's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein.  Defendants and Defendants' Counsel shall have no responsibility for the allocation of the Fee Award among Plaintiff's Counsel.  Defendants and/or its insurers shall have no obligation to make any payment other than as provided herein to any of Plaintiff's Counsel.

5.4     If for any reason the Effective Date of the Stipulation (as defined herein) does not occur, if the Stipulation is in any way canceled or terminated, if the Final Order and Judgment specified in 6.1(d) is not entered, or in the event of any failure to obtain final approval of the full amount of the Fee Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Final Order and Judgment or the Fee Award being overturned or substantially modified, each Plaintiff's Counsel and their successors shall be obligated to repay, within fifteen (15) business days, the amount of the Fee Award, or part

thereof, paid by DGSE and/or its insurer(s).  Each Plaintiff's Counsel which receives any portion of the Fee Award is subject to the Court's jurisdiction for the purposes of enforcing this paragraph or the provisions related to the Fee Award.

5.5     Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs and attorneys' fees.

5.6     In light of the substantial benefits he has helped to create for all Current DGSE Stockholders, Plaintiff's Counsel shall seek a Court-approved service award in the amount of $2,500.00 (the "Service Award") payable to Jason Farmer.  The Service Award shall be funded from the portion of the Fee Award distributed to the Plaintiff's Counsel to the extent that agreement is approved in whole or part.  Defendants shall take no position on the Service Award.

## 6.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

>    (a)     the Board has approved the Settlement and each of its terms as in the best interest of DGSE;

>    (b)     the entry by the Court of the Final Order and Judgment;

>    (c)     the payment of the Fee Award in accordance with ¶¶ 5.1-5.2 hereof; and

>    (d)     the Final Order and Judgment has become Final.

6.2     If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.3, and the Settling Parties shall be restored to their respective positions in the Action as of the date of this Stipulation, unless Plaintiff's Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

6.3     In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, the Settling Parties shall be restored to their respective positions as of the date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.27, 6.2, 8.4, 8.6, 8.9, 8.10, and 8.11 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**7.     Bankruptcy**

7.1     In the event any proceedings by or on behalf of DGSE, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2     In the event of any Bankruptcy Proceedings by or on behalf of DGSE, the Settling Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the Bankruptcy Court to carry out the terms and conditions of the Stipulation.

8.      **Miscellaneous Provisions**

8.1      The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2      The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties will request that the Final Order and Judgment in the Action will contain a finding that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar rules of professional conduct.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.3      In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain in effect.

8.4      Neither the Stipulation (including any exhibits attached hereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption,

concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.

8.7     The Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Settling Parties with respect to the Action, constitute the entire agreement among the Settling Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.8     The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.  The Settling Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of DGSE shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger

or change-in-control of DGSE they will continue to seek final approval of this Stipulation expeditiously, including but not limited to the Settlement terms reflected in this Stipulation and the Fee Award. The Settling Parties also agree that the Settlement as reflected in this Stipulation provides for adequate consideration for payment of the Fee Award.

8.9     The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice of law principles.   No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.10    All agreements made and orders entered during the course of the Action relating to the confidentiality of information and documents shall survive this Stipulation.

8.11    DISCLAIMER OF RELIANCE:   EACH SETTLING PARTY EXPRESSLY WARRANTS THAT HE OR IT HAS CAREFULLY READ THIS STIPULATION, DISCLAIMER, AND INCLUDED RELEASES (INCLUDING THIS DISCLAIMER OF RELIANCE SET FORTH IN APPROPRIATELY CONSPICUOUS LANGUAGE) AND ANY EXHIBITS ATTACHED TO THIS STIPULATION, DISCLAIMER, AND RELEASE, UNDERSTANDS THEIR CONTENTS, AND SIGNS THIS STIPULATION AS HIS OR ITS OWN FREE ACT.   EACH SETTLING PARTY EXPRESSLY WARRANTS THAT NO PROMISE OR AGREEMENT WHICH IS NOT HEREIN EXPRESSED HAS BEEN MADE TO HIM OR IT IN EXECUTING THIS STIPULATION, DISCLAIMER AND RELEASE, AND THAT HE, SHE, OR IT IS NOT RELYING UPON (INDEED, EXPRESSLY

DISCLAIMS RELIANCE UPON) ANY STATEMENT OR REPRESENTATION OF ANY SETTLING PARTY OR ANY AGENT OF THE SETTLING PARTIES TO THE STIPULATION, DISCLAIMER AND RELEASE AND ANY SETTLING PARTIES BEING RELEASED HEREBY.  EACH SETTLING PARTY AGREES THIS IS AN ARM'S-LENGTH TRANSACTION. THE PARTIES EXPRESSLY AGREE THAT ANY FIDUCIARY DUTY THAT PREVIOUSLY EXISTED TERMINATED FOR THE PURPOSE OF EXECUTING THIS STIPULATION, DISCLAIMER, AND RELEASE.  EACH SETTLING PARTY FURTHER AGREES HE OR IT IS RELYING ON HIS OR ITS OWN JUDGMENT AND EACH SETTLING PARTY HAS BEEN REPRESENTED BY LEGAL COUNSEL IN THIS MATTER.  ANY AFORESAID LEGAL COUNSEL HAS READ AND EXPLAINED TO EACH SETTLING PARTY THE ENTIRE CONTENTS OF THIS STIPULATION, DISCLAIMER, AND RELEASE IN FULL, AS WELL AS THE LEGAL CONSEQUENCES OF THIS  STIPULATION, DISCLAIMER, AND RELEASE.  EACH SETTLING PARTY AGREES THAT THIS DISCLAIMER OF RELIANCE IS NOT BOILER PLATE AND IS AN EFFECTIVE DISCLAIMER OF RELIANCE UNDER TEXAS LAW THAT EXPRESSLY NEGATES ALL CLAIMS FOR FRAUD AND FRAUDULENT INDUCEMENT, INCLUDING FRAUDULENT INDUCEMENT INTO THIS STIPULATION, DISCLAIMER AND RELEASE.

8.12    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and their Released Persons.

8.13    The Stipulation may be executed by facsimile and in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of September 16, 2013.

DATED:  September 16, 2013

HARWOOD FEFFER LLP

/s/ Matthew M. Houston

MATTHEW M. HOUSTON
488 Madison Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile:  (212) 753-3630
mhouston@hfesq.com

Counsel for Jason Farmer

DATED:  September 16, 2013                    THOMPSON & KNIGHT LLP


                                              _____
                                                      /s/ Timothy R. McCormick
                                              TIMOTHY R. McCORMICK
                                              Texas Bar No. 13463500
                                              timothy.mccormick@tklaw.com
                                              Michael W. Stockham
                                              Texas Bar No. 24038074
                                              michael.stockham@tklaw.com
                                              1722 Routh Street, Suite 1500
                                              Dallas, Texas 75201
                                              (214) 969-1700
                                              (214) 969-1751 fax




DATED:  September 16, 2013                    FULBRIGHT & JAWORSKI L.L.P.


                                              _____
                                                      /s/ Karl G. Dial
                                              KARL G. DIAL
                                              Texas Bar No. 05800400
                                              Email: karl.dial@nortonrosefulbright.com
                                              Casey L. Moore
                                              Texas Bar No.  24055997
                                              Email: casey.moore@nortonrosefulbright.com
                                              2200 Ross Avenue, Suite 2800
                                              Dallas, TX  75201-2784
                                              Telephone:  (214) 855-8000
                                              Facsimile:  (214) 855-8200